UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ATARI AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:14-cv-63 SNLJ |
| vs. | ) |
| | ) |
| PATRICIA KAROL, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM and ORDER

This matter is before the Court on plaintiff's July 12, 2015 letter to the Court, which the Court will construe as a motion to appoint counsel (#29). Plaintiff states that he is indigent and has been since he entered prison. He asks the Court to provide him with legal counsel because he is unable to pay for an attorney.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The plaintiff continues to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. This action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#29) is **DENIED** without prejudice at this time.

Dated this  2nd  day of October, 2015.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE