UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ATARI AMOS, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 1:14-cv-63 SNLJ |
| vs. | )<br>) |
| PATRICIA KAROL, | )<br>) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

This matter is before the Court on defendant's motion for summary judgment (#24). Plaintiff filed his complaint against numerous defendants for grievances related to his treatment while incarcerated at the St. Genevieve County Jail. Only plaintiff's claims against defendant Patricia Karol, Assistant Jail Administrator, remain.

**I.     Factual Background**

The following facts are undisputed except where indicated. Plaintiff was booked at the St. Genevieve County Jail on January 24, 2014. When plaintiff was booked, he was advised regarding the jail's "Inmate Request & Grievance Procedures" which are set forth in the jail's "Inmate Handbook." The Handbook is available to inmates at the jail through use of a computer kiosk to which the inmates have access. The Inmate Request & Grievance Procedure requires that (1) the inmate bring a concern or request to the attention of staff in writing via an Inmate Request Form, (2) the inmate must send an Inmate Grievance Form to the detention administrator, and (3) the inmate must resubmit the grievance to the Sheriff or designee after receiving a response from the administration.

1

Plaintiff was also asked whether he required a special diet for religious or medical reasons, and plaintiff responded only that he does not eat pork. The jail does not serve pork.

On April 21, 2014, plaintiff submitted a lengthy "Inmate Grievance Form." He stated, among other things, that the officers were not providing him with halal meals, the he was not allowed to possess a Muslim prayer rug, that he was not allowed to possess a hardback Qu'ran, and that the jail was not providing him with access to an Imam to provide religious services. Defendant Karol responded to plaintiff in detail. She wrote that plaintiff had not submitted written requests for any of the items/access he requested. Further, she noted that he had not told anyone when given the chance at booking that he required a halal diet, but rather he had stated he did not eat pork, and that pork was not served at the jail anyway. She said no hardback books were allowed, but a paperback Qu'ran could be provided at his request.

Plaintiff filed his complaint on May 6, 2014. This Court held that plaintiff had stated the following claims: (1) a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a) against defendant Karol in her official capacity, and (2) a claim under 42 U.S.C. § 1983 for violation of his rights under the Free Exercise Clause of the First Amendment.

Notably, plaintiff submitted an Inmate Request Form on July 16, 2014 --- more than two months after filing the complaint in this matter.

## II. Legal Standard

Pursuant to Rule 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v.*

*Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

## III. Discussion

Defendant Karol seeks summary judgment on each of the remaining claims against her.

### A. Administrative Remedies

Before looking at the substance of plaintiff's claims, the Court recognizes that the Prison Litigation Reform Act provides that "no action shall be brought [under federal law] with respect to prison conditions…by a prisoner…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, an inmate such as plaintiff here much exhaust all administrative remedies before bringing his lawsuit based

3

on federal law. *See Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015). "An inmate satisfies § 1997e(a) by pursuing the prison grievance process to its final stage to an adverse decision on the merits." *Id*. (internal quotation to *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) omitted).

Here, the procedure available to plaintiff was the jail's Inmate Request & Grievance Procedure. That process required three steps: inmates must submit an Inmate Request Form, then an Inmate Grievance Form if denied, and then an appeal to the Sheriff or his designee. It is undisputed that plaintiff knew about the procedure but that he submitted only an Inmate Grievance Form in April 2014. Plaintiff thus skipped the step of filing the Inmate Request Form. When his Grievance was denied, he filed this lawsuit and then filed an Inmate Request Form later. Although it is unclear what happened after plaintiff submitted the Inmate Request Form, it is undisputed that plaintiff did not exhaust his administrative remedies before filing the complaint.

For that reason, § 1997e(a) requires that this Court dismiss plaintiff's complaint. However, as shown below, even if plaintiff had exhausted his administrative remedies, defendant would still be entitled to summary judgment.

### B. RLUIPA Claim

Plaintiff's RLUIPA claim is against defendant Karol in her official capacity. Naming a government official in her official capacity is the equivalent of naming the government entity that employs the official. *Robb v. Hungerbeeler*, 370 F.3d 735, 739 (8th Cir. 2004). "Generally, a suit brought solely against a state or a state agency is proscribed by the Eleventh Amendment." *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989) (collecting cases). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."

*Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Here, the Religious Land Use and Institutionalized Persons Act unambiguously conditions receipt of federal prison funds on a State's consent to suit; however, that waiver does not extend to money damages. *Van Wyhe v. Reisch*, 581 F.3d 639, 654 (8th Cir. 2009). Plaintiff's only remaining recourse under this claim is therefore injunctive relief. However, any claim for injunctive relief is now moot because plaintiff was transferred out of the Ste. Genevieve County Jail in July 2015. Therefore, defendants are entitled to judgment on plaintiff's claim against defendant Karol under the RLUIPA in her official capacity.

C. **First Amendment Claim**

To prevail on a First Amendment claim, plaintiff must prove that defendant Karol's conduct placed a "substantial burden" on his ability to freely exercise his sincerely held religious beliefs without bearing a reasonable relationship to legitimate penological interests. *See Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979, 983 (8th Cir. 2004). A plaintiff's free exercise claim is reviewed under a "reasonableness" standard set forth in *Turner v. Safley*: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987).

Here, plaintiff claims that the jail's denial of a prayer rug, Qu'ran, access to an Imam, and a halal diet violated his First Amendment rights to free exercise of his religion. However, plaintiff has not shown that the first three requests were denied at all: defendant Karol did not deny the requests, but rather she instructed plaintiff regarding how to go about obtaining the items and access to an Imam. Defendant did not pursue those matters before he filed this lawsuit.

5

With respect to the request for a halal diet, plaintiff did not request a halal diet upon entering the jail. The April 21, 2014 grievance stated that he was not being provided with halal foods and that the jail did not provide meal accommodations to Muslims during Ramadan. Defendant's response stated that he had not requested a special diet --- that he had stated only that he did not eat pork, and that no pork was served at the jail. Further, she stated that an inmate needed only to submit a request in writing in order to observe Ramadan, but that Ramadan had not yet begun. Plaintiff did not submit a request form requesting accommodations to his diet until July 16, 2014, and that request stated only that

> I would like to be a vegetarian for religion, mostly health reason. I would like only poultry fish & chicken noodles, beans, vegies. Thank you.

Thus, even plaintiff's inmate request form did not specify he wanted a halal diet. Defendant responded that plaintiff had been given a "regular tray" since arriving at the jail in January and that unless there was a medical reason for his request, the request was denied.

Defendant Karol argues that she is entitled to summary judgment because she is protected from suit by qualified immunity. Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stepnes v. Ritschel*, 663 F.3d 952, 960 (8th Cir. 2011). Here, defendant argues that her conduct did not violate plaintiff's clearly established constitutional rights. Defendant denied plaintiff a vegetarian (plus fish and poultry) meal tray. Plaintiff says that he was entitled to a halal diet. However, "it is not well-established…that Muslims must be offered a meat-free diet." *Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003)

6

(holding that qualified immunity protects prison official who offered Muslim inmate pork-free but not vegetarian meals). Defendant Karol therefore "held an objectively reasonable belief that [she was] not violating the plaintiff's constitutional rights by offering him a pork-free diet out of respect for his religious beliefs." *Id.* Qualified immunity therefore protects defendant from suit in this case.

## IV. Conclusion

Defendant Karol is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Patricia Karol's motion for summary judgment (#24) is GRANTED.

Dated this  9th  day of February, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE